Cynthia N. BITTING,
Plaintiff/Appellant,

v.

Timothy H. TROUT,
Defendant/Respondent.

No. ED 90076.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 25, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 2008.

Patrick McCarthy, St. Louis, MO, for appellant.

Gerald Carmody, Teresa Pupillo, Co–Counsel, Clayton, MO, for respondent.

Before PATRICIA L. COHEN, C.J., NANNETTE A. BAKER, J., and KURT S. ODENWALD, J.

## ORDER

PER CURIAM.

Cynthia N. Bitting ("Bitting") appeals from an order and judgment of the Circuit Court of St. Louis County dated July 25, 2007 which sustained a motion for summary judgment filed by Timothy Trout ("Trout") and denied Bitting's motion for partial summary judgment.

Bitting claims eight points on appeal. First, Bitting claims that the trial court erred in granting summary judgment because Trout was judicially estopped from claiming absolute witness privilege. Second, she claims that the trial court erred in granting summary judgment because Trout cannot claim the absolute witness privilege where the court in the underlying case lacked jurisdiction. Third, she claims the trial court erred in granting summary judgment on the basis that similar claims in a separate litigation, but concerning the same email, were dismissed and the court of appeals affirmed that dismissal. Fourth, she claims the trial court erred in finding that the email was not defamatory as a matter of law. Fifth, she claims the trial court erred in finding that she could not prove damages from the publication of the email to Cooper. Sixth, she claims the trial court erred in finding that Missouri law limits the scope of the fiduciary duty owed by an insurance agent to the client to the procurement of coverage. Seventh, she claims the trial court erred in finding that Trout did not owe any fiduciary duties to her personally and individually. Last, she claims the trial court erred in finding that she was not entitled to punitive damages because she had not proven actual damages.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).